UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:07-CV-096 PS |
| vs. | ) | |
| | ) | |
| FRANK CANARECCI, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Jose Thomas, a *pro se* prisoner, submitted an amended complaint (DE 12) under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks, emphasis and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1965 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

Thomas alleges that he was attacked by a fellow inmate who was improperly released from segregation at the same time that he was.

> I was assaulted by another inmate named Marvin Smith (he's in #G402). Now in the county jail the recreation for Seg. inmates works like this. One cell door shall be open for one hour and all the rest shall be closed. On 2-15-07, this didn't happen. What did happen is that I was just coming out for my (1) one hour rec. and no sooner I had got out, I had heard another door unlock and Marvin came out and hit me in my eye. My eye started bleeding real bad. Now the only way these doors can come open is by a guard unlocking it by using the keys or by the computer in the guard tower.

Amended Complaint at 3, DE 12.

> Now in a report wrote by T. Erickson states "she was having trouble with Marvin not securing his door, his door had been showing secured when it wasn't and when it was secured it showed it wasn't. Now Marvin's rec. is (2) two hours before mine.

Amended Complaint at 3-4, DE 12.

Thomas alleges that these events occurred while he was a pre-trial detainee. Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).  Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a

3

prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all dangers. *McGill*, 944 F.2d at 345 ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts. *See id*. at 348 ("some level of [danger] . . . is inevitable no matter what the guards do").

Giving Thomas the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, it is a reasonable inference that he is alleging that T. Erickson was deliberately indifferent in the actions she took (or did not take) in response to the defective door of the inmate who attacked him. Only two other defendants are named in the body of the complaint. Frank Canarecci is alleged to be generally responsible for providing a safe environment for all inmates and guards. Sgt. Carlin is alleged to have investigated the attack after it occurred. Neither of these defendants nor any of the other three who are not named in the body of the complaint (Julie Lawson, C. Miller, and Sgt. Schroder) are accused of having any actual knowledge of impending harm to Thomas. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (citations and footnote omitted). Therefore these five defendants must be dismissed.

In addition, Thomas alleges that there is a conspiracy to coverup what happened to him. A conspiracy exists if there is "(1) an express or implied agreement among defendants to deprive plaintiff of his . . . constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Here, the object of the conspiracy is not the deprivation of a constitutional right. The defendants are not alleged to have conspired to have an inmate released to attack Thomas. Rather they are only alleged to have conspired to hide the circumstances of his attack. There is no independent constitutional protection or right to such knowledge, only a constitutional right to protection from the attack. Because the object of the alleged conspiracy was not constitutional in magnitude, it is not actionable in a § 1983 lawsuit and must be dismissed. In addition, based on this complaint, it is not reasonable to infer that he has suffered any injury as a result of this alleged conspiracy. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000); *Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997).

For the foregoing reasons, the court:

(1) **GRANTS** Jose Thomas leave to proceed against T. Erickson in her individual capacity for monetary damages for failing to protect him from attack by another inmate on February 15, 2007 in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Frank Canarecci, Sgt. Carlin, Julie Lawson, C. Miller, and Sgt. Schroder;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for T. Erickson to the United States Marshals Service along with a copy of this order and a copy of the amended complaint (DE 12);

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on T. Erickson; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that T. Erickson respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: August 23, 2007

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court
