UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:07-CV-096 PS |
| vs. ) | |
| ) | |
| FRANK CANARECCI, *et al.*, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Jose Thomas, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983 alleging that T. Erickson did not protect him from attack by another inmate on February 15, 2007 in violation of the Fourteenth Amendment.[1] T. Erickson moved for summary judgment on March 17, 2008 (DE 40). The Motion was accompanied by a notice (DE 45) which, pursuant to N.D. IND. L.R. 56.1(e), explained to Thomas the importance of responding to a summary judgment motion. The deadline for responding to the Motion passed on April 21, 2008, but Thomas has not responded. Because Thomas has not presented any response to the Motion, pursuant to N.D. IND. L.R. 56.1(b), the Court accepts as true the facts as presented by the Defendant in her motion. The facts presented are that the Plaintiff, "Jose Thomas gained entry into Marvin Smith's individual cell by tampering with the locking mechanism and started the fight on his own sole initiative." (Statement of Material Facts at 2 ¶ 11 (DE 42).)

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

---

[1] All other claims were dismissed in this Court's screening order of August 23, 2007 (DE 15).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

The summary judgment motion contends that Thomas cannot prove that T. Erickson was deliberately indifferent to his safety.  When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen. . . ."  *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).  Here, Thomas was the attacker.  He broke into another inmate's cell so that he could attack him.  Thomas has presented no evidence demonstrating that T. Erickson was deliberately indifferent; and as such, T. Erickson has no liability for any injuries he may have suffered.

For the foregoing reasons, the Court:

(1) **GRANTS** the motion for summary judgment (DE 40); and

(2) **DIRECTS** the Clerk to enter judgment in favor of the Defendant and against the Plaintiff.

**SO ORDERED**.

ENTERED: April 30, 2008

s/ Philip P. Simon<br>
Philip P. Simon, Judge<br>
United States District Court